**CASE NO. 16-1057**

# In the United States Court Of Appeals for the Tenth Circuit

| | | |
|---|---|---|
| AARICA ROMERO, | ) | |
| | ) | |
| *Plaintiff – Appellant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOP-TIER COLORADO, LLC and RICHARD J. WARWICK, individually, | ) | NO ORAL ARGUMENT REQUESTED |
| | ) | |
| | ) | |
| | ) | |
| *Defendants – Appellees* | ) | |

On Appeal from the United States District Court
For the District of Colorado
The Honorable Magistrate Judge Michael E. Hegarty
D.C. No. 1:15-cv-02101-MEH

## APPELLANT'S OPENING BRIEF

Clifford P. Bendau, II
The Bendau Law Firm
P.O. Box 97066
Phoenix, AZ 85060
(480) 382-5176
Cliffordbendau@bendaulaw.com

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 N. Michigan Ave., Ste. 1000
Chicago, IL 60601
(312) 332-6202
jsypulski@sbcglobal.net
*Admission Pending*

Douglas M. Werman
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
(312) 419-1008
dwerman@flsalaw.com
sarendt@flsalaw.com

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

Table Of Contents ........................................................................................ i

Table Of Authorities ...................................................................................... iii

Statement of Prior or Related Appeals ..........................................................1

Statement of Jurisdiction..................................................................................2

Statement Of The Issues Presented for Review...........................................2

Statement Of The Case ....................................................................................3

Statement of the Facts.......................................................................................4

Summary of the Argument...............................................................................6

A. The District Court Mistakenly Relied On *Klinghoffer* To Dismiss Plaintiff's Complaint ........................................................................................6

B. Plaintiff Sufficiently Pleaded Dual Jobs Minimum Wage Violations Under The FLSA And Its Regulatory Framework ........................................7

C. The FLSA Is A Remedial Statute And Exemptions To Its Requirements Must Be Narrowly Construed..........................................................9

Argument...........................................................................................................10

A. The District Court Incorrectly Disregarded The Legal Standard For Dual Job Minimum Wage Claims Under The FLSA ....................................11

1. The Tip Credit Can Only Be Taken Against The Wages Of Tipped Employees ....................................................................................11

2. Employers May Not Take A Tip Credit On Wages For Duties Unrelated To A Tipped Occupation ..........................................................13

3. Decades Of Case Law Confirm The Validity Of Plaintiff's Cause of Action ..........................................................................................15

B. The District Court's Decision Dismissing Plaintiff's Complaint Was Erroneous And Must Be Reversed ....................18

1. Applicable Legal Standard ....................18

2. Tips Are Not Wages, Thus The District Court's Reliance On *Klinghoffer* To Conclude Plaintiff Was Paid The Full Applicable Minimum Wage In Each Work Week Was Erroneous ....................19

a. Plaintiff's Complaint Alleged That She Was Paid Less Than The Minimum Wage In One Or More Work Weeks....................19

b. Servers Paid The Tip Credit Wage Rate Are Always Paid Less Than The Full Minimum Wage ....................20

c. Tips Given By Customers Are Not Wages ....................22

3. Plaintiff's Allegation That She Performed Non-Tipped Work Unrelated To Her Tipped Employment, And Related Work In Excess Of Twenty Percent Of Her Work Hours, Was Sufficient To State A Minimum Wage Violation Under The FLSA ....................26

a. Whether An Employee Is Engaged In A Tipped Occupation Depends On Duties The Employee Performs, Not On The Employee's Job Title ....................26

b. Food Preparation, Cleaning and Equipment Maintenance Involve No Customer Interaction And Are Unrelated To A Tipped Occupation ..29

c. Plaintiff's Allegation That She Performed Excessive Amounts Of *Related* Non-tipped Duties Likewise States A Minimum Wage Violation ....................31

d. The DOL's Interpretation of Its Own Tip Credit Regulations, Supporting Plaintiff's Claims, Is Entitled to Deference ....................35

4. The FLSA Is A Remedial Statute And Any Exemption Or Exception To FLSA Coverage Must Be Narrowly Construed ....................36

CONCLUSION .......................................................................................... 38

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Adair v. City of Kirkland*,
185 F.3d 1055 (9th Cir. 1999) ....................22

*Auer v. Robbins*,
519 U.S. 452 (1997)....................9, 36

*Barcellona v. Tiffany English Pub, Inc.*,
597 F.2d 464 (5th Cir. 1979) .................... 24, 29

*Berger v. PIKR, Ltd.*,
No. 14 C 8543, 2015 WL 2208200 (N.D. Ill. May 8, 2015)....................22

*Blankenship v. Thurston Motor Lines, Inc.*,
415 F.2d 1193 (4th Cir. 1969) ....................22

*Chevron U.S.A. Inc. v. Natural Res. Defense Council, Inc.*,
467 U.S. 837 (1984)....................9, 36

*Chao v. Fossco, Inc.*,
No. 03-3360-CV-S-JCE, 2006 WL 1041353 (W.D. Mo. Apr. 13, 2006)
(citing CCH Wage-Hour Admin. Rulings ¶ 30,908 (Dec. 26, 1973))...........22

*Clark v. Honey-Jam Café, LLC*,
No. 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) ....................17

*Corning Glass Works* v. *Brennan*,
417 U.S. 188 (1974).................... 24

*Crate v. Q's Rest. Group, LLC*,
No. 8:13–cv–2549–T–24 EAJ, (M.D. Fla. May 2, 2014) ....................16

*Deherrera v. Decker Truck Line, Inc.*,
__ F.3d __, No. 15-1220, 2016 WL 1593691 (10th Cir. Apr. 21, 2016)..9, 37

*Dole v. Bishop*,
740 F.Supp. 1221 (S.D. Miss. 1990) .................... 16, 30, 34

*Doty v. Elias*,
733 F.2d 720 (10th Cir. 1984) ........................................................ 23, 24, 25

*Dove v. Coupe*,
759 F.2d 167 (D.C. Cir. 1985)..........................................................................22

*Donovan v. United Video Inc.*,
725 F.2d 577 (10th Cir. 1984) ........................................................................27

*Driver v. AppleIllinois*
265 F.R.D. 293 (N.D. Ill. 2010) ......................................................................17

*Driver v. AppleIllinois, LLC*,
739 F.3d 1073 (7th Cir. 2014) ............................................................... *passim*

*Driver v. AppleIllinois, LLC*,
890 F. Supp. 2d 1008 (N.D. Ill. 2012)............................................ 16, 18, 33

*Fast v. Applebee's Int'l, Inc.*,
638 F.3d 872 (8th Cir. 2011) ................................................................. *passim*

*Fast v. Applebee's Int'l, Inc.*,
No. 06-4146-CV, 2010 WL 816639 (W.D. Mo. Mar. 4, 2010), aff'd, 638 F.3d 872 (8th Cir. 2011) ............................................................................ 30, 38

*Fast v. Applebee's Int'l, Inc.*,
Nos. 10-1725, 10-1726, 2010 WL 3761133 (8th Cir. Sept. 15, 2010)..........36

*FDA v. Brown & Williamson Tobacco Corp.*,
529 U.S. 120 (2000)...............................................................................................35

*Flood v. Carlson Restaurants Inc.*,
94 F. Supp. 3d 572 (S.D.N.Y. 2015) .............................................. 17, 33, 34

*Fonseca v. Dircksen & Talleyrand Inc.*,
No. 13 Civ. 5124 (AT), 2015 WL 5813382 (S.D.N.Y. Sept. 28, 2015) .......29

*Gillian v. Starjem Restaurant Corp.*,
No. 10 Civ. 6056 (JSR), 2011 WL 4639842 (S.D.N.Y. Oct. 4, 2011)... 12, 29

*Hart v. Crab Addison, Inc.*,
No. 13-CV-6458 CJS, 2014 WL 5465480 (W.D.N.Y. Oct. 28, 2014) .. 17, 25

*Haschak v. Fox & Hound Rest. Grp., et al.*,
No. 10 C 8023, 2012 WL 5509617 (N.D. Ill. Nov. 14, 2012) ......................17

*Hearnsberger v. Gillespie*,
435 F.2d 926 (8th Cir. 1970) ..........................................................................27

*Hensley v. MacMillan Bloedel Containers, Inc.*,
786 F.2d 353 (8th Cir. 1986) ..........................................................................22

*Hodgson v. Frisch's Dixie, Inc.*,
No. 6641, 1971 WL 837 (W.D. Ky. Aug. 16, 1971)....................................16

*In re Novartis Wage and Hour Litigation*,
611 F.3d 141 (2d Cir. 2010) ..........................................................................15

*Irvine v. Destination Wild Dunes Mgmt., Inc.*,
106 F. Supp. 3d 729 (D.S.C. 2015) ....................................................... 17, 33

*Johnson v. Pinstripes, Inc.*,
No. 12 C 1018, 2013 WL 5408647 (N.D. Ill. Sept. 26, 2013)......................17

*Joseph v. Shepherd*,
211 Fed. Appx. 692 (10th Cir. Dec. 15, 2006).............................................18

*Kilgore v. Outback Steakhouse of Florida, Inc.*,
160 F.3d 294 (6th Cir. 1998) ..................................................... 14, 16, 28, 29

*Klem v. County of Santa Clara*,
208 F.3d 1085 (9th Cir. 2000) ........................................................................32

*Langlands v. JK & T Wings, Inc.*,
No. 15-13551, 2016 WL 2733092 (E.D. Mich. May 11, 2016)....................16

*Lederman v. Frontier Fire Prot., Inc.*
684 F.3d 1151 (10th Cir. 2012) ......................................................................37

*Martin v. Indiana Michigan Power Co.*,
381 F.3d 574 (6th Cir. 2004) ....................27

*McDonald v. Wise*,
769 F.3d 1202 (10th Cir. 2014) ....................18

*Mitchell v. Lublin*,
358 U.S. 207 (1959) ....................27

*Mitchell v. Kentucky Fin. Co.*,
359 U.S. 290 (1959)....................37

*Mocek v. City of Albuquerque*,
813 F.3d 912 (10th Cir. 2015) ....................18

*Montano v. Montrose Rest. Assoc., Inc.*,
800 F.3d 186 (5th Cir. 2015) .................... 24, 28

*Montijo v. Romulus, Inc.*,
Nos. Cv-14-264-PHX-SMM,CV-14-265-PHX-SMM, CV-14-464-PHX-SMM, 2015 WL 1470128 (D. Ariz. Mar. 30, 2015) ....................25

*Moreau v. Klevenhagen*,
508 U.S. 22 (1993)....................37

*Myers v. The Copper Cellar Corp.*,
192 F.3d 546 (6th Cir. 1999) .................... 16, 29

*Oregon Rest. & Lodging Ass'n v. Perez*,
816 F.3d 1080 (9th Cir. 2016) .................... 6, 34, 37

*Perez v. Lorraine Ent., Inc.*,
769 F.3d 23 (1st Cir. 2014)....................24

*Porter v. West Side Rest., LLC*,
No. 13-1112-JAR-KGG, 2014 WL 1642152 (D. Kan. Apr. 24, 2014).. 12, 29

*Qwest Corp. v. Colorado Pub. Util. Comm'n,*
656 F.3d 1093 (10th Cir. 2011) ....................................................................36

*Richard v. Marriott Corp.,*
549 F.2d 303 (4th Cir.), cert. denied, 433 U.S. 915 (1977) ...........................24

*Richardson v. Mountain Range Rests. LLC,*
No. CV-14-1370-PHX-SMM, 2015 WL 1279237, (D. Ariz. Mar. 20 2015)
.........................................................................................................25

*Roussell v. Brinker In'l, Inc.,*
441 Fed. Appx. 222, 231, Nos. 09-20561, 10-20614, 2011 WL 4067171 (5th Cir. Sept. 14, 2011)........................................................................ 12, 28

*Rudy v. Consolidated Rest. Cos., Inc.,*
No. 3:08-CV-0904-L(BF), 2010 WL 3565418 (N.D. Tex. Aug. 18, 2010) .29

*Schaefer v. Walker Bros. Enters., Inc.,*
No. 15-1058 (7th Cir.) ..........................................................................1, 6

*Schaefer v. Walker Bros. Enters., Inc.,*
No. 10 CV 6366, Order re Class Certification, ECF No. 123, slip op. at 1 (N.D. Ill. Sept. 19, 2013) ..........................................................................17

*Schaefer v. Walker Bros. Enters., Inc.,*
10 C 6366, 2012 U.S. Dist. LEXIS 65432 (N.D. Ill. May 7, 2012)..............17

*Schamis v. Josef's Table, LLC,*
No. 12-80638-CIV, 2014 WL 1463494 (S.D. Fla. Apr. 15, 2014) ...............17

*Shahriar v. Smith & Wollensky Rest. Group, Inc.,*
659 F.3d 234 (2d Cir. 2011) ................................................................ 12, 28

*Tennessee Coal Co. v. Muscoda Local No. 123,*
321 U.S. 590 (1944)...............................................................................37

*Tony & Susan Alamo Found. v. Sec'y of Labor,*
471 U.S. 290 (1985)...............................................................................37

*U.S. v. Klinghoffer Bros Realty Corp.*
285 F.2d 487 (2d Cir. 1960) ........................................................... *passim*

*Volz v. Tricorp Mgmt. Co.*,
Case No. 15–0627–DRH–PMF, 2016 WL 146693 (S.D. Ill., Jan. 13, 2016)
........................................................................................................ 16, 34

*Walling v. General Indus. Co.*,
330 U.S. 545 (1947)..........................................................................27

**STATUTES, REGULATIONS AND INTERPRETIVE GUIDANCE**

F.R.A.P, 4(a)(1)(A) ..............................................................................2

F.R.A.P, 28.2(C)(1)...............................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................... 2, 3, 18

Fed. R. Civ. P. 60 ...................................................................................4

29 C.F.R. §516.28(a)(4)&(5) ................................................................35

29 C.F.R. §531.51 ...........................................................................8, 12

29 C.F.R. §531.52 ............................................................... 7, 11, 22, 28

29 C.F.R. §531.56(e).......................................................................... passim

29 C.F.R. §531.59 .................................................................................12

29 C.F.R. §531.59(b) ......................................................................8, 35

29 C.F.R. §541.2 ...................................................................................26

29 C.F.R. § 552.5 .................................................................................33

29 C.F.R. § 552.6 .................................................................................33

29 C.F.R. §553.30(b)(1).........................................................................32

29 C.F.R. §553.30(b)(3) ....................................................................... 32

29 C.F.R. §786.1 ....................................................................... 33

29 C.F.R. §786.100 ....................................................................... 33

29 C.F.R. §786.150 ....................................................................... 33

29 C.F.R. §786.200 ....................................................................... 33

29 U.S.C. § 201 ....................................................................... *passim*

29 U.S.C. §203(m) ....................................................................... *passim*

29 U.S.C. §203(t) ....................................................................... *passim*

29 U.S.C. §206(a) ....................................................................... 3, 11

29 U.S.C. §206(a)(1) ....................................................................... 20

29 U.S.C. §213(c)(6)(G) ....................................................................... 32

29 U.S.C. §1291 ....................................................................... 2

29 U.S.C. §1331 ....................................................................... 2

H.R. Rep. No. 93-913 (Mar. 15, 1974) (reprinted in 1974 U.S.C.C.A.N. 2811, 2818) ....................................................................... 37

Opinion Letter Fair Labor Standards Act (FLSA), 1997 WL 998047 (Nov. 4, 1997) ....................................................................... 30

United States Dep't Labor Field Operations Handbook, Section 30d00 (rev. June 30, 2000) ....................................................................... 8

United States Dep't Labor Field Operations Handbook, Section 30d00(b) ....................................................................... 31

United States Dep't Labor Field Operations Handbook, Section 30d00(e) (rev. June 30, 2000)................................................ 3, 4, 13

United States Dep't Labor Field Operations Handbook, Section 30d04(c).........................................................................................30

U.S. Department of Labor, Bureau of Labor Statistics, Occupational Employment and Wages – May 2015, USDL-16-0661, available at http://www.bls.gov/news.release/pdf/ocwage.pdf........................................38

US DOL Wage and Hour Div. Fact Sheet #15 available at https://www.dol.gov/whd/regs/compliance/whdfs15.pdf.............................35

## STATEMENT OF PRIOR OR RELATED APPEALS

Pursuant to Rule 28.2(C)(1) of the Federal Rules of Appellate Procedure for the United States Court of Appeals for the Tenth Circuit, Plaintiff-Appellant hereby notifies the Court that no other appeal in or from the same civil action in the lower court was previously before this or any other appellate court under the same or a similar title.

The same or substantially similar issues that this appeal presents are pending before other courts of appeals in the following cases:

1. *Seventh Circuit: Schaefer v. Walker Bros. Enters., Inc.*, No. 15-1058 (7th Cir. argued Sept. 25, 2015);

2. *Ninth Circuit*: Consolidated appeal docketed in the following matters: *Marsh v. J. Alexander's LLC*, No. 15-15791 (9th Cir.); *Sheehan v. Romulus, Inc*., No. 15-15794 (9th Cir.); *Alarcon v. Arriba Enter., Inc*., No. 15-16561 (9th Cir.); *Hogan v. Am. Multi-Cinema, Inc*., No. 15-16659 (9th Cir.); *Llanos v. P.F. Chang's China Bistro, Inc*., No. 16-15003 (9th Cir.); *Romero v. P.F. Chang's China Bistro, Inc.*, No. 16-15004 (9th Cir.); *Fields v. P.F. Change's China Bistro, Inc*., No. 16-15005 (9th Cir.); *Williams v. Am. Blue Ribbon Holdings LLC*, No. 16-15118 (9th Cir.);

3. *Eleventh Circuit: Ide v. Neighborhood Rest. Partners, LLC, and Apple Creek Mgmt.t Co., Inc.*, No. 15-11820 (11th Cir. argued Dec. 17, 2015).

s/ Douglas M. Werman

## STATEMENT OF JURISDICTION

Plaintiff-Appellant raised minimum wage claims in the district court for the District of Colorado pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201*, et seq.,* ("FLSA" or the "Act"). The district court had federal question jurisdiction over Plaintiff-Appellant's FLSA claims pursuant to 28 U.S.C. § 1331.

Plaintiff-Appellant appeals the district court's final order granting Defendant-Appellee's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), granted on February 9, 2016. Aplt. App. at 70-81.[1] Plaintiff-Appellant timely filed her Notice of Appeal in accordance with Rule 4(a)(1)(A), F.R.A.P., on February 22, 2016. Aplt. App. at 101. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the district court erred in ruling that Plaintiff failed to state a claim under the minimum wage provisions of the FLSA when she alleged that her employer paid her the sub-minimum "tip credit" wage for all time she worked each week but required her to perform: (1) non-tipped job duties that were *unrelated* to her tipped occupation; and (2) non-tipped job duties *related* to her tipped occupation in excess of 20 percent of her work time.

## STATEMENT OF THE CASE

On September 23, 2015, Plaintiff Aarica Romero ("Plaintiff") filed her complaint asserting minimum wage violations under the FLSA against Defendants Top-Tier Colorado LLC, d/b/a Huhot Mongolian Grill, and Richard J. Warwick ("Defendants"). Aplt. App. at 5-17. Plaintiff alleged that Defendants violated the Act by paying her the sub-minimum tip-credit rate under Section 3(m) for all the time she worked each workweek, while requiring her: (1) to perform non-tipped work *unrelated* to her tipped occupation; and (2) to spend more than 20 percent of her time performing non-tipped work *related* to her tipped occupation. Aplt. App. at 8-16 (alleging violations as set out in 29 U.S.C. § 206(a), 29 C.F.R. § 531.56(e), and the U.S. Department of Labor Field Operations Handbook § 30d00(e)). On February 9, 2016, the district court granted Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). Aplt. App. at 70-81. The court held that Plaintiff failed to plead a minimum wage violation under the FLSA because she did not allege that during any particular workweek, her average hourly wages, including tips, were less than the federal minimum wage of $7.25 per hour. Aplt. App. at 76-79. Because the district court dismissed the complaint on that basis, the

---

[1] Pursuant to Rule 28.1, references to Plaintiff-Appellant's Appendix are listed as "Aplt. App. at [page number]." In addition to Plaintiff-Appellant's Appendix and in accordance with Rule 28.2(A), a copy of the order and judgment appealed from is attached hereto as Attachment 1.

court never reached Plaintiff's dual jobs minimum wage claim, as to either the unrelated duties or the related duties. On February 11, 2016, Plaintiff moved for reconsideration under Fed. R. Civ. P. 60, and asked the district court to: (1) reconsider its holding on the viability of Plaintiff's minimum wage claim and reverse its prior ruling; (2) acknowledge that wages paid under the FLSA cannot include tips in excess of the requisite tip credit amount; and/or (3) rule on the standard of deference owed to the regulatory interpretation in the DOL Field Handbook § 30d00(e). Aplt. App. at 82-97. The district court denied Plaintiff's motion for reconsideration on February 16, 2016. Aplt. App. at 98-100.

On Feburary 22, 2016, Plaintiff timely filed her notice of appeal of the district court's February 9, 2016 order. Aplt. App. at 101.

## STATEMENT OF THE FACTS

Plaintiff worked as a server for Defendant Top-Tier Colorado LLC d/b/a Huhot Mongolian Grill ("Top Tier") from approximatly April 1, 2013, through July 31, 2015. Aplt. App. at 8. Defendant Richard J. Warwick ("Warick") is a manager of the restaurant, and has an interest in Defendant Top Tier. Aplt. App. at 7. Plaintiff alleged that Defendants Top Tier and Warick were each her "employers" under the FLSA. Aplt. App. at 7-8.

Plaintiff pleaded a minimum wage claim under Section 6 of the Act. She alleged that during each week of her employment, Defendants requried her to perform both non-tipped work *unrelated* to her tipped occupation, and non-tipped work *related* to her tipped occupation in excess of 20 percent of her time worked. Aplt. App. at 9-16.

In the pleadings, Plaintiff identifed non-tipped work Defendants required her to perform, including: cleaning soft drink dispensers; cutting and stocking fruit; stocking ice; taking out trash; sweeping and mopping floors; scrubbing walls; cleaning booths; washing dishes; cleaning ramekins; restocking to-go supplies; rolling silverware; and breaking down and cleaning the expo line. Aplt. App. at 9.

Plaintiff alleged that she regularly completed these non-tipped duties before, during, and after her scheduled shifts, including before the restaurant was open to customers, after the restaurant was closed to customers, and while Plaintiff had no customers to serve. Aplt. App. at 10. Plaintiff also alleged that "during each and every workweek for which Plaintiff worked for Defendants" she was paid "less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage …" Aplt. App. at 12.

## SUMMARY OF THE ARGUMENT

The district court failed to consider Plaintiff's dual jobs claim under the FLSA, which is supported by decades of case law, including other Courts of Appeals. Most recently, in *Driver v. AppleIllinois, LLC,* Judge Posner of the Seventh Circuit stated that restaurant servers performing non-tipped duties, like "washing dishes, preparing food, mopping the floor, or cleaning bathrooms," are entitled to full minimum wage for the performance of that work. 739 F.3d 1073, 1075 (7th Cir. 2014).[2]

### A. The District Court Mistakenly Relied On *Klinghoffer* To Dismiss Plaintiff's Complaint

The district court held that an employee does not state a minimum wage claim under the Act if her average hourly wages equal at least the full minimum wage during a workweek, citing to *U.S. v. Klinghoffer Bros. Realty Corp.* 285 F.2d 487 (2d Cir. 1960). The *Klinghoffer* case is not applicable to minimum wage violations for tipped employees.[3]

---

[2] The Seventh Circuit heard argument on September 25, 2015, but has not yet ruled, in a case that squarely addresses the issue presented in this case. *See Schaefer v. Walker Bros. Enters., Inc.*, No. 15-1058 (7th Cir.).

[3] *Klinghoffer* was decided some five years before Congress amended the Act in 1966 to include coverage of restaurant employees, and allowing employers to "utilize a limited amount of its employees' tips as a credit against its minimum wage obligations." *See Oregon Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080, 1083(9th Cir. 2016) (recounting legislative history).

Under the FLSA and its implementing regulations, tips are not wages paid by the employer. 29 C.F.R. § 531.52. While tips can be used as a credit toward the employer's minimum wage obligation, the total wages paid to a tipped employee by the employer utilizing the tip credit are always less than the full minimum wage. 29 U.S.C. § 203(m).

In holding that Plaintiff must allege that her average hourly rate in a given workweek fell below full minimum wage, *including tips*, the court erroneously applied *Klinghoffer*. But *Klinghoffer* has no application to a Section 3(m) tip-credit case, because tips tendered by patrons are not wages paid by the employer. The question then is not whether the employee's average hourly rate equals or exceeds full minimum wage: an employee's *tip-credit wages* will always fall below full minimum wage. The question rather is whether the employer is entitled to take the tip-credit under Sections 3(m) and 3(t) in the first place. If not, the employer has violated the minimum wage provisions of the Act. Here, Defendants were not entitled to take the tip credit against all the hours that Plaintiff worked each week.

### B. Plaintiff Sufficiently Pleaded Dual Jobs Minimum Wage Violations Under The FLSA And Its Regulatory Framework

Plaintiff alleged that Defendants required her to perform non-tipped work that was *unrelated* to her job as a server, such as cleaning soft drink dispensers,

cutting and stocking fruit, taking out the trash, sweeping and mopping the floors, scrubbing the walls, and other such janitorial and food preparation work, while paying her the sub-minimum tip credit wage. Aplt. App. at 9. Under the Act, employers may only take the tip credit toward the wages of a "tipped employee." 29 U.S.C. §§ 203(m), (t); 29 C.F.R. § 531.51.

When Plaintiff was performing non-tipped work unrelated to her tipped occupation of serving customers, she was not a "tipped employee" and thus was owed the full minimum wage for that time. 29 U.S.C. §§ 203(m), (t); 29 C.F.R. §§ 531.51, 531.56(e); 531.59(b).[4]

Plaintiff also alleged that Defendants required her to perform excessive amounts of non-tipped work *related* to her tipped occupation while paying her the tip credit wage. Aplt. App. at 9-15. Under the U.S. Department of Labor's ("DOL") regulations and sub-regulatory provisions, if a tipped employee spends more than 20 percent of her time performing related non-tipped work incidental to her regular tipped duties, she is no longer engaged in a "tipped occupation" and is entitled to the full minimum wage. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook, Ch. 30d00 (rev. June 30, 2000) *available at* http://www.dol.gov/whd/FOH/FOH_Ch30.pdf (emphasis added). The DOL's dual

---

[4] Pursuant to F.R.A.P. 28, applicable portions of the FLSA, the regulations referenced herein, and portions of Chapter 30 of the DOL Field Operations Handbook are set forth in an addendum attached as Attachment 2.

jobs regulations and its interpretation of those regulations is entitled to *Chevron* and *Auer* deference, respectively. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984); *Auer v. Robbins* 519 U.S. 452, 462-63, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997); *see also Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 877-78 (8th Cir. 2011).

### C. The FLSA Is A Remedial Statute And Exemptions To Its Requirements Must Be Narrowly Construed

Positions in restaurants, including servers and bartenders, are among the lowest paid jobs in the country. A prominent factor contributing to the low wages of tipped employees compared to other hourly workers is the widespread practice of restaurant employers directing employees, paid a sub-minimum tip-credit wage rate, to perform non-tipped duties like janitorial or food preparation duties. Employers engaging in this practice exploit the labor of servers and bartenders by denying them both full minimum wage and the opportunity to earn tips, as by definition the non-tipped work they are required to perform has no customer contact.

The FLSA is a remedial statute designed to protect workers from abuse, and thus, any exemption to the minimum wage requirements of the FLSA must be narrowly construed. *See Deherrera v. Decker Truck Line, Inc.*, __ F.3d __, No. 15-1220, 2016 WL 1593691, at *3 (10th Cir. Apr. 21, 2016) ("in considering an FLSA

exemption, a court must find that the claimed exemption falls 'plainly and unmistakably' within the terms of the statute.") (citations omitted).

The district court disregarded these principles in dismissing Plaintiff's complaint.

## ARGUMENT

This is a case of first impression in this Court.

Plaintiff was a server in Defendants' restaurant, but Defendants required her to perform the duties of a cook, a janitor, a dishwasher, and expeditor. For that work, Defendants paid her a sub-minimum, tip-credit wage rate. That practice violated the FLSA because the language of the Act requires that the full minimum wage be paid to all employees unless those employees are "tipped employees." That is, employees "engaged in an occupation in which [they] customarily and regularly" receive tips. And, employees who are scrubbing walls, sweeping and mopping floors, cutting and stocking fruit, disposing of trash, washing dishes, and cleaning the 'expo' line, among other similar tasks, are not performing duties of a tipped occupation. Rather, they are performing duties of back-of-house positions; duties without any customer interaction for which a tip could be earned.

The district court's ruling in this case is contrary to the Act, the implementing regulations, and case law, and must be reversed.

### A. The District Court Incorrectly Disregarded The Legal Standard For Dual Job Minimum Wage Claims Under The FLSA

#### 1. The Tip Credit Can Only Be Taken Against The Wages Of Tipped Employees

The FLSA requires employers to pay workers at least the minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). For "tipped employees," however, an employer may take a partial credit toward the employer's minimum wage obligation for tips paid to the employee by patrons, if certain requirements are met. 29 U.S.C. § 203(m).

"[A]n employee is a 'tipped employee" if two things occur: 1) he is engaged in an occupation, and 2) the occupation is one in which he regularly and customarily receives at least $30 in tips per month." *Fast*, 638 F.3d at 876 (citing 29 U.S.C. § 203(t)). The tipped occupation requires that the employee is performing duties that serve the customer, because a "tip is a sum presented by a customer as a gift or gratuity *in recognition of some service performed for him.*" 29 C.F.R. § 531.52 (emphasis added).[5]

Since a customer gives a tip in recognition of service performed for her, a tipped employee's interaction with that customer is necessary for that service to be

---

[5] Congress did not define "occupation" or address the reality of an employee working in more than one "occupation" for the same employer. *Fast*, 638 F.3d at 878. As a result, the DOL promulgated a regulation explaining the application of the term in 1967. *See Fast*, 638 F.3d at 878; 29 C.F.R. § 531.56(e).

tip-producing. *See Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 240 (2d Cir. 2011) (employer loses entitlement to tip credit where tips are shared with employees who do not provide direct customer service); *Roussell v. Brinker Int'l, Inc.,* 441 Fed. Appx. 222, 231, Nos. 09-20561, 10-20614, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (direct customer interaction highly relevant to tip-eligibility, thus QA/Expo employees not tip-pool eligible) (unpublished); *Porter v. West Side Rest., LLC,* No. 13-1112-JAR-KGG, 2014 WL 1642152, at *10 (D. Kan. Apr. 24, 2014) (direct customer interaction relevant to eligibility for tip pool); *Gillian v. Starjem Rest. Corp.,* No. 10 Civ. 6056 (JSR), 2011 WL 4639842, at *5 (S.D.N.Y. Oct. 4, 2011) (to determine an individual's status as a tipped employee courts consider tasks performed and extent of customer interaction).

The FLSA itself thus identifies two categories of duties: duties of a tipped occupation and duties of a non-tipped occupation. 29 U.S.C. § 203(t). The employer cannot take the tip credit for time the employee works in the non-tipped occupation. For that time the employer must pay the employee full minimum wage. 29 U.S.C. § 203(m) & (t); 29 C.F.R. §§ 531.51, 531.59. Thus, restaurant duties like washing dishes, mopping the floor, cleaning trash cans, and slicing fruit for the entire restaurant must always be paid at full minimum wage. *See Driver,* 739 F.3d at 1075 (when tipped employees perform "non-tipped duties" that "are ***unrelated*** to their tipped duties . . . such as, in the case of restaurant servers,

washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

On this statutory framework the DOL hung a third category: duties "related to" the tipped occupation. 29 C.F.R. § 531.56(e). A certain amount of "related" duties, no more than 20 percent, will be eligible for the tip-credit as long as "such duties are *incidental to the regular duties of the server* (waiter/waitress) *and are generally assigned to the servers*." *See* DOL Field Operations Handbook Ch. 30d00(e). But, where employees are "routinely assigned" to such duties, no tip credit can be taken. *Id.*

Thus, duties are "related" to the tipped occupation where they occur "incidental to" the performance of tip-producing duties – serving a particular customer – and are generally assigned to tipped employees. Accordingly, nontip-producing duties originating in a specific customer request or a specific customer interaction, so long as those duties are generally assigned to servers, will be "incidental" or "related" to the tipped occupation.

### 2. Employers May Not Take A Tip Credit On Wages For Duties Unrelated To A Tipped Occupation

An employer may take a tip credit only against the time an employee works as a "tipped employee." Whether an employee is a tipped employee depends on whether she is performing one of two categories of duties: (1) duties of a tipped

occupation, that is, tip-producing duties; or (2) duties of a non-tipped occupation. 29 U.S.C. §§ 203(m), (t); *Driver,* 739 F.3d at 1075.

This statutory framework has a regulatory counterpart. DOL regulations provide that:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man.

29 C.F.R. § 531.56(e).

The requirement that the employee be a *tipped* employee – engaged in an occupation in which she customarily and regularly receives tips – means that the tip-credit may only be taken when tipped employees are engaged in tip-producing "traditional tasks." *See Kilgore v. Outback Steakhouse of Florida, Inc.*,160 F.3d 294, 296 (6th Cir. 1998) (servers "take orders, deliver food and drinks, and take care of other customer demands.").

But in crafting the implementing regulations, the DOL took a position more favorable to the employer by accepting that some tasks, while not tip-producing, may nonetheless be "incidental" or "related" to tip-producing duties. Accordingly, the regulation provides that an employee's performance of "related duties . . . in an occupation that is a tipped occupation," if not substantial, do not bar the employer

from entitlement to the tip-credit. 29 C.F.R. § 531.56(e). Thus, the tip credit is not lost if the employee spends "*part* of her time cleaning and setting tables, toasting bread, making coffee and *occasionally* washing dishes or glasses." 29 C.F.R. § 531.56(e) (emphasis added). "Such *related duties* in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." *Id.* (emphasis added).

When, as here, an employer uses a tipped employee to perform *unrelated* non-tipped work – work that would normally be performed by a janitor or a cook – but still pays the employee only $2.13 per hour, the employer violates the Act, and several types of harm follow. First, the employee makes far less per hour in wages than she otherwise would. Second, she misses the opportunity to earn tips, since the non-tipped work she is assigned has no customer contact. Third, the cooks and janitors who would normally perform the work she performs are harmed, since they are not hired or get fewer hours.

### 3. Decades Of Case Law Confirm The Validity Of Plaintiff's Cause Of Action

The district court quotes Defendants' assertion that Plaintiff's dual job claim is "novel." Aplt. App. 18-19, 75. In reality, since nearly the 1966 revision to the Act that included restaurant and hotel employees within its purview, courts have determined that cleaning and food preparation are not duties related or incidental to the tipped occupation of a server. *Hodgson v. Frisch's Dixie, Inc.,* No. 6641, 1971

WL 837, at * 4 (W.D. Ky. Aug. 16, 1971); *Dole v. Bishop,* 740 F. Supp. 1221, 1228 (S.D. Miss. 1990) (chopping vegetables and making puddings and ice cream not incidental to waitress's tipped duties); *Kilgore,* 160 F.3d at 300-02 (distinguishing between host and back-of-the-house employees like dishwashers, cooks and janitors, who have no customer contact); *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 550-51 (6th Cir. 1999) (salad preparers working in kitchen in traditional food preparation duties with no customer contact not tipped employees); *Driver v. AppleIllinois, LLC,* 890 F. Supp. 2d 1008, 1010, 1036 (N.D. Ill. 2012) (summary judgment on liability granted on non-tipped duties claim, including cleaning, dishwashing, and food preparation); *Crate v. Q's Rest. Group, LLC,* No. 8:13–cv–2549–T–24 EAJ, (M.D. Fla. May 2, 2014) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non-tip-producing activity before such time must be compensated directly by the employer at the full minimum wage rate.").

Further, courts have recognized "dual jobs" claims by denying motions to dismiss claims identical to Plaintiff's claim here[6] or by granting collective action

---

[6] *Langlands v. JK & T Wings, Inc.*, No. 15-13551, 2016 WL 2733092 (E.D. Mich. May 11, 2016) (denying motion to dismiss FLSA minimum wage dual job claim); *Volz v. Tricorp Mgmt. Co.*, No. 15-CV–0627–DRH–PMF, 2016 WL 146693, at *2-3 (S.D. Ill., Jan. 13, 2016) (denying motion to dismiss "dual jobs"

status to dual jobs claims under the FLSA or class certification under parallel state laws.[7] In *Driver,* the district court certified a class under the Illinois minimum-wage law based on the non-tipped duties, or "dual jobs," claim. *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 313 (N.D. Ill. 2010). Two years later, the court granted summary judgment to plaintiffs and the class, and in that decision enlarged the class to include both employees who performed *unrelated* non-tipped

---

claim relying on the Seventh Circuit's *Driver* decision); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 106 F. Supp. 3d 729, 735-36 (D.S.C. 2015) (denying motion to dismiss dual jobs claim); *Flood v. Carlson Rest. Inc.*, 94 F. Supp. 3d 572, 584-85 (S.D.N.Y. 2015) (denying motion to dismiss FLSA dual jobs claim); *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 5465480, at *5 (W.D.N.Y. Oct. 28, 2014) (denying motion to dismiss FLSA dual jobs claim); *Schamis v. Josef's Table, LLC*, No. 12-80638-CIV, 2014 WL 1463494, at *4 (S.D. Fla. Apr. 15, 2014) ("[T]he Court rejects [d]efendant's argument that [p]laintiff's allegation that his nontipped duties exceeded 20% of his time is insufficient to state a cause of action.")

[7] *Johnson v. Pinstripes, Inc.*, No. 12 C 1018, 2013 WL 5408647, at *1 (N.D. Ill. Sept. 26, 2013) (combined class certification of dual jobs minimum wage claim under Illinois Minimum Wage Law ("IMWL") and FLSA collective action); *Schaefer v. Walker Bros. Enters., Inc.*, No. 10 CV 6366, Order re Class Certification, ECF No. 123, slip op. at 1 (N.D. Ill. Sept. 19, 2013) (class certification of dual jobs IMWL claim), attached hereto as Attachment 3; *Clark v. Honey-Jam Café, LLC,* No. 11 C 3842, 2013 WL 1789519, at * 1 (N.D. Ill. Mar. 21, 2013) (combined class certification of dual jobs IMWL claim and FLSA collective action); *Haschak v. Fox & Hound Rest. Group, et al.*, No. 10 C 8023, 2012 WL 5509617, at * 1 (N.D. Ill. Nov. 14, 2012) (combined class certification of dual job IMWL and FLSA collective action); *Schaefer v. Walker Bros. Enters., Inc.*, 10 C 6366, 2012 U.S. Dist. LEXIS 65432, *1 (N.D. Ill. May 7, 2012) (certification of FLSA collective action); *Driver*, 265 F.R.D. at 313 (class certification of IMWL claim).

duties, and those who performed *related* duties in excess of 20 percent of their work time. *Driver,* 890 F. Supp. 2d at 1010, 1034-35.

Recently, the Seventh Circuit Court of Appeals acknowledged the viability of the dual jobs cause of action by stating that restaurant servers performing non-tipped duties, like "washing dishes, preparing food, mopping the floor, or cleaning bathrooms," are entitled to full minimum wage for the performance of that work. *Driver,* 739 F.3d at 1075.

### B. The District Court's Decision Dismissing Plaintiff's Complaint Was Erroneous And Must Be Reversed

#### 1. Applicable Legal Standard

The district court granted Defendants' motion to dismiss Plaintiff's complaint alleging a dual job minimum wage claim pursuant to Fed. R. Civ. P. Rule 12(b)(6). This Court reviews *de novo* such a dismissal. *Mocek v. City of Albuquerque,* 813 F.3d 912, 921 (10th Cir. 2015); *McDonald v. Wise,* 769 F.3d 1202, 1210 (10th Cir. 2014). This Court applies the same standards as the district court, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to the non-moving party. *See Joseph v. Shepherd,* 211 Fed. Appx. 692, 695, Nos. 04-4212, 05-4181, 2006 WL 3692453 (10th Cir. Dec. 15, 2006) (unpublished) (citations omitted).

### 2. Tips Are Not Wages, Thus The District Court's Reliance On *Klinghoffer* To Conclude Plaintiff Was Paid The Full Applicable Minimum Wage In Each Work Week Was Erroneous

#### a. Plaintiff's Complaint Alleged That She Was Paid Less Than The Minimum Wage In One Or More Work Weeks

Plaintiff's complaint alleged that Defendants employed her as a server, that Defendants "imposed a tip credit upon Plaintiff at below the applicable minimum wage" and that "[a]s a result of Defendants' imposition of a tip credit, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage." Aplt. App. at 9. She further alleged that "[i]n a given workweek, and during each and every workweek for which Plaintiff worked for Defendants … Defendants required Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweek." Aplt. App. at 12. Plaintiff also alleged that Defendants paid her less than the overall minimum wage for such work … such that the average of Plaintiff's hourly wages was less than the applicable minimum wage …" *Id.*

Plaintiff identified particular non-tipped work that she was required to perform: cleaning soft drink dispensers; cutting and stocking fruit; taking out trash; sweeping and mopping floors; scrubbing walls; cleaning booths; washing dishes; stocking ice; cleaning ramekins; restocking to-go supplies; rolling silverware; and breaking down and cleaning the expo line. Aplt. App. at 9.

Yet, the district court concluded that, as a matter of law, Plaintiff failed to state a minimum wage claim because the FLSA requires nothing more than "… that for every workweek, 'every employer shall pay to each of [its] employees' the federal minimum wage, except for tipped employees, who receive $2.13 an hour, with the remainder of their minimum wage (currently $7.25 per hour) being essentially bridged by customer tips.'" Aplt. App. at 76, citing 29 U.S.C. § 206(a)(1), §§ 203(m), (t). According to the district court, its "research into the landscape of the law nationwide leads it to the conclusion that whether Plaintiff is able to state an FLSA minimum wage violation depends on her total pay earned for the workweek divided by the total number of hours worked in that same week." Aplt. App. at 77, citing *Klinghoffer,*285 F.2d 487 (2d Cir. 1960).

#### b. Servers Paid The Tip Credit Wage Rate Are Always Paid Less Than The Full Minimum Wage

In dismissing Plaintiff's complaint, the district court fundamentally misunderstood the framework of the FLSA's tip-credit provisions, and consequently the nature of Plaintiff's minimum wage claims.

The *Klinghoffer* case asks the question whether the employer has paid the employee wages in an amount equal to or greater than the hours worked in the workweek multiplied by the full minimum wage:  if the answer is yes, than the

employee has no minimum wage claim. Here, the answer is no. Defendants did not pay Plaintiff *wages* at or above full minimum wage.

Tips can be a credit towards the employer's minimum wage obligation, but they are not themselves wages because the employer does not pay tips. If an employer who takes a tip credit is not entitled to that credit, the employer has violated Section 6 of the Act for failing to pay full minimum wage.

In support its conclusion that Plaintiff failed to plead a minimum wage violation, the district court misapplied the Second Circuit's *Klinghoffer* decision, ignored Tenth Circuit authority, and the language of Sections 203(m) and (t) of the FLSA and its corresponding dual jobs regulatory framework.

In *Klinghoffer*, the Second Circuit held that "the Congressional purpose [behind the FLSA] is accomplished so long as the total weekly wage *paid by an employer* meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." (emphasis added). *Id.* at 490. *Klinghoffer*, which was decided before the FLSA was amended to specifically provide for a tip-credit, does not address the rights of tipped employees and it has no application in the context of Plaintiff's dual jobs minimum wage claim. This is because for a tipped employee, the total wage paid during any given week is ***always*** less than minimum wage, and the question instead is whether the

employer is entitled to take the tip credit or not. *See Berger v. PIKR, Ltd.*, No. 14 C 8543, 2015 WL 2208200, at *1 n.1 (N.D. Ill. May 8, 2015) (citing 29 U.S.C. § 203(m) and (t)) ("The tip-credit wage is a wage *below the prevailing minimum wage* that the FLSA allows employers to pay to 'tipped employees' for tipped work (e.g., waiting tables) [*i.e.* $2.13 per hour].") (emphasis added).

Stated another way, the employer taking the tip credit against all time worked by an employee will always fail *Klinghoffer*, because minimum *wages* must be paid by the employer, and tips are not wages. The district court's reliance on *Klinghoffer* led the district court to incorrectly dismiss Plaintiffs' dual jobs claim.[8]

### c. Tips Given By Customers Are Not Wages

Tips are not *wages* paid by Defendants, but gifts given by the customer to Plaintiff for service rendered. 29 C.F.R. § 531.52; *Chao v. Fossco, Inc.*, No. 03-3360-CV-S-JCE, 2006 WL 1041353, at *3 (W.D. Mo. Apr. 13, 2006) (citing CCH Wage-Hour Admin. Rulings ¶ 30,908 (Dec. 26, 1973)) ("a tip is not compensation

---

[8] The other cases the district court cites to support its reliance on *Klinghoffer* are likewise inapplicable to tipped employees. *See Adair v. City of Kirkland*, 185 F.3d 1055, 1058 (9th Cir. 1999) (FLSA claims brought by salaried police officers covered by a collective bargaining agreement); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 354 (8th Cir. 1986) (FLSA action brought by a truck driver paid hourly and on a mileage rate, also subject to a cba); *Dove v. Coupe*, 759 F.2d 167, 170 (D.C. Cir. 1985) (limousine drivers paid a guaranteed daily rate plus additional driving time); *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1195 (4th Cir. 1969) (dock workers paid a flat weekly salary).

paid by the employer and is not wages as such."). Treating tips as "wages" would read out of existence virtually the entire tip credit provisions of the FLSA.

Sections 3(m) and (t) of the FLSA define when an employer may credit tips against an employee's minimum wages: when as employee works as a "tipped employee" in "a tipped occupation," when the employee is paid the minimum cash wage of $2.13 per hour, when the employee has been informed by the employer of the provisions of Section 3(m), and when all tips received by the employee have been retained by the employee, except for a permissible tip pool. 29 U.S.C. § 203(m) and § 203(t); *see also Doty v. Elias*, 733 F.2d 720, 723 (10th Cir. 1984).

However, the district court's decision replaces the prerequisites to the tip credit found in Sections 203(m) and 203(t) with only one requirement – that the employee's compensation each workweek, *including tips*, equal or exceed the minimum wage. As long as that one requirement is satisfied, according to the district court, the employee cannot state a minimum wage violation. Presumably, the employer could fail to pay any cash wage, take a percentage of the employee's tips for itself, and fail to inform the employee of the tip credit provision, yet as long as the employee receives at least the minimum wage from the tips she does receive and retain, she cannot state a claim. As previously recognized by this Court, this position is untenable because it reads Section 3(m) out of existence. In *Doty v. Elias*, this Court rejected any interpretation of Section 3(m) that would

render one of more its provisions superfluous. *Doty*, 733 F.2d at 724 (holding that § 203(m) prescribes the method of computing a tipped employee's wages under the FLSA and stating that Congress' purpose in enacting § 203(m) was "to ensure that an employer may not use the tips of a tipped employee to satisfy more than a specified percentage of the Act's minimum hourly wage.") (citing *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 466-68 (5th Cir.1979); *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir.), *cert. denied*, 433 U.S. 915, 97 S. Ct. 2988, 53 L.Ed.2d 1100 (1977)).

Plaintiff's complaint challenges Defendants' entitlement to the Section 3(m) tip credit. There is no dispute that Defendants paid her a wage less than full minimum wage, and it is Defendants' burden to show that it was entitled to take the tip credit in the first place.[9] Accordingly, if Defendants cannot meet their burden of establishing the right to claim the tip credit, Plaintiff is entitled to prevail

[9] In the context of the tip credit exception, the Courts of Appeals have ruled that "[i]t is the employer's burden to show that it has satisfied all the requirements for tip-credit eligibility." *Perez v. Lorraine Enter., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014); *see also Montano v. Montrose Rest. Assoc., Inc.*, 800 F.3d 186, 189 (5th Cir. 2015) (employer "has the burden of establishing its entitlement to the tip credit" by showing that coffeeman was a tipped employee); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir.1979) (ruling that 1974 amendments to FLSA placed the burden of proving entitlement to tip credit on employers). This is consistent Supreme Court guidance that "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974).

on her minimum wage claim. *Doty*, 733 F.2d at 724 ("[Section] 203(m) prescribes the method of computing a tipped employee's wages under the FLSA."); *see Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 5465480, at *5 (W.D.N.Y. Oct. 28, 2014) (employer cannot pay a tipped employee less than the proper wage for work not covered by the tip credit exception, even if the employee's tips are high enough to offset the underpayment, since the employer cannot take the tip credit at all for time spent performing a dual job or performing related untipped work more than 20 percent of the time). Instead, so long as the:

> "pleading plausibly alleges that an employee in a tipped occupation also worked at an untipped dual job, or performed related untipped duties more than 20 percent of a workweek, and the employer claimed the tip credit for all hours worked, the pleading states a minimum wage tip-credit claim without more, since the employer cannot take the tip credit *at all* for hours spent performing a dual job or spent performing related untipped work that comprised more than 20% of a workweek."

*Id.* (emphasis in original).

Plaintiff's complaint met the pleading requirements for a minimum wage violation: she alleges that Defendants failed to pay her federally-mandated minimum wages for time worked in individual workweeks, and that Defendants' failure was not justified.[10] The district court's order dismissing Plaintiff's

[10] The district court cited to a series of cases alleging similar claims that were dismissed in the U.S. District Court for the District of Arizona. *See Richardson v. Mountain Range Rests. LLC*, No. CV-14-1370-PHX-SMM, 2015 WL 1279237, (D. Ariz. Mar. 20 2015); *Montijo v. Romulus, Inc.*, Nos. Cv-14-264-PHX-SMM,

complaint was error and must be reversed.

### 3. Plaintiff's Allegation That She Performed Non-Tipped Work Unrelated To Her Tipped Employment, And Related Work In Excess Of Twenty Percent Of Her Work Hours, Was Sufficient To State A Minimum Wage Violation Under The FLSA

Because the district court concluded "that by earning more than the minimum wage every week she worked at the restaurant, Plaintiff does not state an FLSA claim," (Aplt. App. at 79), the Court failed to consider the dual-jobs basis for Plaintiff's claim.

#### a. Whether An Employee Is Engaged In A Tipped Occupation Depends On Duties The Employee Performs, Not On The Employee's Job Title

An employee is "engaged" in a particular occupation only to the extent that she performs duties consistent with that occupation. *See Driver*, 739 F.3d at 1075 (restaurant servers performing non-tipped duties, like "washing dishes, preparing food, mopping the floor, or cleaning bathrooms," are entitled to full minimum wage for the performance of that work); *see also* 29 C.F.R. § 541.2 ("Job titles

---

CV-14-265-PHX-SMM, CV-14-464-PHX-SMM, 2015 WL 1470128 (D. Ariz. Mar. 30, 2015). The cases cited were all decided by the same district court judge and a number of those decisions are currently pending on appeal before the U.S. Court of Appeals for the Ninth Circuit. *See Marsh v. J. Alexander's LLC,* No. 15-15791, *Sheehan v. Romulus Inc.*, No. 15-15794, *Alarcon v. Arriba Enter. Inc.*, No. 15-16561, *Hogan v. Am. Multi-Cinema, Inc.*, No. 15-16659, *Llanos v. P.F. Chang's China Bistro, Inc.*, No. 16-15003, *Romero v. P.F. Chang's China Bistro, Inc.*, No. 16-15004, *Fields v. P.F. Chang's China Bistro, Inc.,* No. 16-15005, and *Williams v. Am. Blue Ribbons Holdings LLC*, No. 16-15118, *appeals consolidated,* (9th Cir. May 10, 2016).

insufficient. A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary *and duties* meet the requirements of the regulations in this part.") (emphasis added); *Walling v. Gen. Indus. Co.*, 330 U.S. 545, 549, 67 S. Ct. 883, 91 L. Ed. 1088 (1947) (executive exemption) ("The engineers were in charge of the powerhouse and performed the *duties* generally incident to direct supervision of a highly mechanized operation.") (emphasis added); *Mitchell v. Lublin*, 358 U.S. 207, 213, 79 S. Ct. 260, 3 L. Ed. 2d 243 (1959) ("Congress deemed the activities of the individual employees, not those of the employer, the controlling factor in determining the proper application of the Act"); *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 585-86 (6th Cir. 2004) ("The FLSA requires the employer to make FLSA exemption decisions based on the employee's actual job duties, not the employee's job title") (citation omitted).[11]

Both the courts and DOL regulations look to an employee's job duties to determine whether an employee is covered by the Act or subject to an exemption.

---

[11] *See also*, *In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 150-51 (2d Cir. 2010) (whether employee is an outside salesperson depends on salary and duties, not job title); *Donovan v. United Video, Inc.*, 725 F.2d 577, 579 (10th Cir. 1984) (employees were not exempt despite a change in job title when their job duties did not change); *Hearnsberger v. Gillespie*, 435 F.2d 926, 929 (8th Cir. 1970) (it is the "work duties" of plaintiff, not place of employment, that determine coverage under the Act).

The dual job regulation itself uses the term "related duties," 29 C.F.R. §531.56(e), to determine whether tasks, which are not themselves tip producing, may nonetheless be ancillary to duties of the tipped occupation.

Employees who customarily and regularly receive tips are those who perform duties that serve the customer, because a "tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him." 29 C.F.C. § 531.52; *see also Kilgore*, 160 F.3d at 296 (6th Cir. 1998) (servers "take orders, deliver food and drinks, and take care of other customer demands"). Thus, courts have regularly held that customer interaction is a necessary characteristic of tipped employment. *See, e.g.*, *Montano v. Montrose Rest. Assoc., Inc.*, 800 F.3d 186, 193 (5th Cir. 2015) (the "common thread of the cases and the DOL opinion letters is to require a tipped employee to have more than a *de minimis* interaction with the customers" and to "consider whether the employee is engaging in customer service functions"); *Shahriar,* 659 F.3d at 240 (employer loses entitlement to tip credit when employees who do not provide direct customer service receive share of tips); *Roussell,* 441 Fed. Appx. at 231, 2011 WL 4067171 (direct customer interaction highly relevant to tip-eligibility, thus QA/Expo employees not tip-pool eligible) (unpublished); *Kilgore,* 160 F.3d at 301 (hosts with "more than de minimis interaction with the customers" are tipped employees

compared to "dishwashers, cooks, or off-hour employees like an overnight janitor who do not directly relate with customers at all").[12]

**b. Food Preparation, Cleaning And Equipment Maintenance Involve No Customer Interaction And Are Unrelated To A Tipped Occupation**

The types of duties that Plaintiff alleged she performed – sweeping, vacuuming, and scrubbing walls when customers were not present; dishwashing; equipment maintenance and cleaning; and food preparation – are duties unrelated to tipped employment. *See, e.g., Driver*, 739 F.3d at 1075 (restaurant servers are "entitled to the full minimum wage" for their time spent "washing dishes, preparing food, mopping the floor, or cleaning bathrooms").[13]

---

[12] *See also*, *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124(AT), 2015 WL 5813382, at *8 (S.D.N.Y. Sept. 28, 2015) (when deciding whether an employee customarily and regularly receives tips, courts must determine whether he has more than de minimis interaction with customers); *Porter v. West Side Rest., LLC*, No. 13-1112-JAR-KGG, 2014 WL 1642152, at *10 (D. Kan. Apr. 24, 2014) (case law suggests direct customer interaction is relevant factor in determining whether an employee "regularly and customarily receives tips"…) *Gillian*, 2011 WL 4639842, at *5 (to determine an individual's status as a tipped employee courts consider the tasks the person performs and extent of customer interaction); *Rudy v. Consol. Rest. Cos., Inc.*, No. 3:08-CV-0904-L(BF), 2010 WL 3565418, at *3 (N.D. Tex. Aug. 18, 2010) (level of customer interaction most significant factor determining whether individual was tipped employee).

[13] See also, *Myers*,192 F.3d at 551 (food preparation duties with no customer contact not tipped employment); *Kilgore*, 160 F.3d at 300-02 (distinguishing between tipped host and back-of-the-house employees like dishwashers, cooks and janitors, who have no customer contact); *Barcellona*, 597 F.2d at 467 n. 3 (affirming judgment granting waiters full minimum wages "for those hours worked

This characterization of duties is also consistent with DOL interpretations of its dual-job regulation. In its Handbook, the DOL has identified some of the categories of employees who are customarily tipped – including waiters and waitresses, counter personnel who serve customers, and service bartenders – and categories who are *not* customarily tipped, including janitors, dishwashers, and chefs or cooks. *See* Handbook, Chapter 30, § 30d04(c). The DOL reiterated this interpretation in a 1997 opinion letter, noting that employees who do not "customarily and regularly receive tips" include janitors, dishwashers, and chefs. Opinion Letter Fair Labor Standards Act (FLSA), 1997 WL 998047, at *2 (Nov. 4, 1997).

As one court observed when denying arguments similar to those made by Defendants before the district court: "[u]nder [the employer's] reading of the FLSA, it can have its servers and bartenders perform an unlimited amount of non-tipped duties while [the employer] pays them the tipped wage, so long as those non-tipped duties are related in some amorphous or ever changing way to the occupation of servers or bartenders." *Fast*, 2010 WL 816639, at *6.

This is likewise the DOL's interpretation of the tip credit regulations:

---

in a non-tipped capacity, such as laying tables, cleaning up, and other duties preparing the restaurant for business"); *and see Dole v. Bishop*, 740 F. Supp. at 1228 ("cleaning bathrooms and other general areas of the restaurant, chopping vegetables, and making puddings and ice cream" not incidental to waitresses' tipped duties).

> Section 3(m) of FLSA makes clear the intent of Congress to place on the employer the burden of proving the amount of tips received by 'tipped employees', and the amount of tip credit, if any, which the employer may claim. Since Sec 3(m) is not an exemption from the MW [minimum wage], but merely allows the employer to claim up to 40 percent of the MW as tip credit, the employer is responsible for ascertaining that the MW provisions are complied with in compensating 'tipped employees.'

DOL Handbook, §30d00(b).

In sum, Plaintiff properly plead a claim for tip credit violations under the DOL's dual jobs regulations.

**c. Plaintiff's Allegation That She Performed Excessive Amounts Of *Related* Non-tipped Duties Likewise States A Minimum Wage Violation**

Plaintiff also alleged that Defendants violated the FLSA by regularly requiring her to perform excessive amounts of related non-tipped work – more than 20 percent of her work time each week – while paying her the sub-minimum tip credit rate of pay. Aplt. App. at 14-15. The district court did not even consider this part of Plaintiff's claim and the DOL's regulations and regulatory interpretations supporting it. Stating that the language of the Act is "clear," the district court dismissed Plaintiff's claim and the DOL's regulations and interpretations of the Act. Aplt. App. at 79. While the district court did not specify which of the Act's language it relied on to reach its conclusion, Section 203(m) plainly contemplates that a "tipped employee's" *wages* must be paid by the *employer*, and the tip credit

may not exceed the amount of tips the employee actually received. 29 U.S.C. 203(m).

Had the district court considered the DOL's regulations and interpretations, it would have found that in addition to tip credit restrictions on non-tipped work unrelated to tipped employment, the dual jobs regulation limits the application of a tip credit to employees performing non-tipped duties *related* to their tipped occupation "part of [the] time" or "occasionally." 29 C.F.R. § 531.56(e). The DOL defines "occasional" as "infrequent, irregular, or occurring in scattered instances." 29 C.F.R. § 553.30(b)(1); *see also id.* at § 553.30(b)(3) (hours of work performed on a regular basis, i.e., "every week or every other week" do not constitute "occasional" work).

It is common in the context of the FLSA for nonexempt work to be limited in this way; such limitations also are consistent with the obligation to construe exemptions from the Act's requirements narrowly. *See Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). Other provisions of the FLSA define the terms "occasional and incidental" as "no more than one-third of an employee's worktime in any workday and no more than 20 percent of an employee's worktime in any workweek." 29 U.S.C. § 213(c)(6)(G) (exemptions from driving restrictions placed on child laborers). For example, regulations frequently permit exempt employees to perform nonexempt labor as long as it is not substantial, providing

that "[f]or enforcement purposes, the amount of nonexempt work will be considered substantial if it occupies more than 20 percent of the time worked by the employee during the workweek." 29 C.F.R. § 786.150 (rail employees), *issued by* 13 Fed. Reg. 1376, 1377 (Mar. 17, 1948).[14]

Contrary to the district court's conclusion, many courts have affirmed and adopted the DOL's 20 percent rule in the context of dual job minimum wage claims. *See, e.g., Fast,* 638 F.3d at 875 (plaintiff stated an FLSA minimum wage violation based on the DOL's 20 percent rule even though "both sides agree that the plaintiffs received in employer cash payments and tips a sum at least equal to the required minimum wage per hour for all hours worked."); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 106 F. Supp. 3d 729 (D.S.C. 2015) (noting question of 20 percent rule is issue of first impression in Fourth Circuit, but the rule has been accepted by other circuits); *Flood v. Carlson Rests., Inc.*, 94 F. Supp. 3d 572 (S.D.N.Y. 2015) (collecting cases); *Driver*, 890 F. Supp. 2d at 1032–33 (finding that decision by Eighth Circuit in *Fast* to defer to 20 percent rule is entitled to

[14] *See also* 29 C.F.R. § 786.1 (same; air carrier employees), *issued by* 21 Fed. Reg. 5056, 5056 (July 7, 1956); 29 C.F.R. § 786.100 (same; switchboard operators), 29 C.F.R. § 786.200 (same; taxicab drivers), *issued by* 32 Fed. Reg. 15425, 15426 (Nov. 4, 1967); 29 C.F.R. § 552.5 (same; casual babysitters), 29 C.F.R. § 552.6 (same; companionship services), *issued by* 40 Fed. Reg. 7405, 7405 (Feb. 20, 1975). Copies of these regulations are set forth in the addendum attached hereto as Attachment 2.

"respectful consideration" and noting that "[e]nforcing temporal limitations on related but non-tipped duties is not radical or even innovative. The DOL set out temporal limitation dates from 1988, 24 years ago."); *Volz v. Tricorp Mgmt. Co.*, No. 15-cv-0627-DRH-PMF, 2016 WL 146693, at * 2 (S.D. Ill. Jan. 13, 2016) (rejecting defendant's argument for minimum wage claim based on workweek average and finding plaintiff stated claim based solely on 20 percent rule allegations); *Flood v. Carlson Rest. Inc.*, 94 F. Supp. 3d 572, 584 (S.D.N.Y. 2015) (to state a minimum wage claim based on a violation of the 20 percent rule, complaint must allege that an employee in a tipped occupation also performed related untipped duties more than 20 percent of a workweek and the employer claimed the tip credit for all hours worked); *Dole*, 740 F. Supp. at 1228 (finding violation of FLSA minimum wage requirements for "substantial" time waitresses spent on non-tipped duties related to their tipped employment).

A plain review of the statutory and regulatory tip credit provisions here shows that Plaintiff stated a claim under the FLSA. Non-tipped work comprising more than 20 percent of Plaintiff's time worked cannot be held, as a matter of law, to be "occasional." *See, e.g., Oregon Rest. & Lodging Ass'n*, 816 F.3d 1080, 1090 (9th Cir. 2016) (interpreting FLSA tip provisions in light of "the relevant legislative history and the purpose and structure of the FLSA"). "[A] reviewing court should not confine itself to examining a particular statutory provision in

isolation. The meaning – or ambiguity – of certain words or phrases may only become evident when placed in context." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132, 120 S. Ct. 1291, 146 L. Ed. 2d 121 (2000).[15]

**d. The DOL's Interpretation Of Its Own Tip Credit Regulations, Supporting Plaintiff's Claims, Is Entitled to Deference**

The district court also erred by failing to consider and credit the DOL's reasoned interpretation of its own tip-credit regulations. Aplt. App. at 79. Although the regulation provides that employers may take a tip credit for tipped employees who perform related non-tipped duties "occasionally," it is ambiguous as to the extent of the limitation. *See, e.g., Fast,* 638 F.3d at 877 (recognizing ambiguity of the phrases "part of [the] time" and "occasionally" in the regulations); Br. for the

[15] This conclusion is further supported by the DOL's regulatory scheme for tipped employees. The regulations require employers to monitor tipped and non-tipped work performed by employees. For example, employers must record "[h]ours worked each workday" for "any occupation in which the employee does not receive tips" as well as "in occupations in which the employee receives tips," and "total daily or weekly straight-time earnings for such hours." 29 C.F.R. §§ 516.28 (a)(4), (5). The regulations further state that "the tip credit may be taken only for *hours* worked by the employee in an occupation in which the employee qualifies as a 'tipped employee.'" 29 C.F.R. § 531.59(b) (emphasis added). And, as noted by the DOL interpretation of its regulations: "where a tipped employee spends a substantial amount of time (in excess of 20 percent in the workweek) performing related duties, *no tip credit may be taken for the time spent in such duties*." US DOL Wage and Hour Div. Fact Sheet #15 *available at* https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited June 9, 2016) (emphasis added).

Sec'y of Labor as Amicus Curiae in Supp. of Plaintiffs-Appellees, *Fast v. Applebee's Int'l, Inc.*, Nos. 10-1725, 10-1726, 2010 WL 3761133, at *16-17 (8th Cir. Sept. 15, 2010) (citing need for specificity in the tolerance for occasional nonexempt activity contained in the rule).

The DOL's regulations are subject to Chevron deference. *Chevron*, 467 U.S. at 843-44, and the Secretary of Labor has the "power to resolve ambiguities in his own regulations." *Auer*, 519 U.S. at 463. It is well-settled that an agency's interpretation of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer*, 519 U.S. at 461 (internal quotation omitted); *see also Qwest Corp. v. Colorado Pub. Util. Comm'n*, 656 F.3d 1093, 1098 (10th Cir. 2011) (under the *Auer* standard, Tenth Circuit defers to agency's interpretation of its regulations "unless the interpretation is 'plainly erroneous or inconsistent with the regulations' or there is any other 'reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.'") (internal quotation omitted).

**4. The FLSA Is A Remedial Statute And Any Exemption Or Exception To FLSA Coverage Must Be Narrowly Construed**

When interpreting the FLSA, the Supreme Court "has consistently construed the Act 'liberally to apply to the furthest reaches consistent with congressional direction' … recognizing that broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall

below minimum standards of decency." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L. Ed. 2d 278 (1985) ( citations omitted); *Deherrera*, __ F.3d __, 2016 WL 1593691, at *3 ("in considering an FLSA exemption, a court must find that the claimed exemption falls 'plainly and unmistakably' within the terms of the statute."), quoting *Lederman v. Frontier Fire Prot., Inc.* 685 F.3d 1151, 1157 (10th Cir. 2012); *Moreau v. Klevenhagen,* 508 U.S. 22, 33, 113 S. Ct. 1905, 123 L. Ed. 2d 584 (1993) ("well-established rule" that FLSA exemptions are narrowly construed); *Mitchell v. Kentucky Fin. Co.,* 359 U.S. 290, 295 (1959) (same).

Shortly after the FLSA was first enacted, our Supreme Court explained why the FLSA must be interpreted broadly in support of employees:

> [The provisions] of the Fair Labor Standards Act, are remedial and humanitarian in purpose. We are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others.

*Tennessee Coal Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597, 64 S. Ct. 698, 898 L. Ed. 949 (1944). Thus, the intent behind the FLSA is to ensure "a fair day's pay for a fair day's work" and prevent the "chiseling [of] workers' wages." H.R. Rep. No. 93-913 (Mar. 15, 1974) (*reprinted in* 1974 U.S.C.C.A.N. 2811, 2818).

The FLSA's protections are as critical to the well-being of workers today as ever, particularly in a "high-violation industry" such as food service. *Oregon Rest.*

*& Lodging Ass'n v. Perez*, 816 F.3d at 1086 (quoting comments to DOL rule-making aimed at curbing employer abuses of Section 203(m)) (internal quotation omitted); *see also Fast,* 2010 WL 816639, at *6 (W.D. Mo. Mar. 4, 2010), *aff'd,* 638 F.3d 872 (8th Cir. 2011) (recounting DOL auditing and enforcement efforts to prevent systemic noncompliance with tip credit limitations). The food service industry is one of the lowest paid industries in the country; food service workers' average annual wage of $19,710 is significantly below the American average annual wage of $48,320. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, *Occupational Employment and Wages – May 2015*, USDL-16-0661, *available at* http://www.bls.gov/news.release/pdf/ocwage.pdf. Average annual wages for servers and bartenders are only marginally better. *See id.*, at Table 1 (server - $23,020; bartender - $24,110).

For all the foregoing reasons, the district court's decision is contrary to the FLSA's broad remedial scope and purpose and must be reversed.

## CONCLUSION

By regularly requiring Plaintiff to perform duties unrelated to her tipped occupation, Defendants were in essence using Plaintiff as a cook, dishwasher, and janitor while paying her less than the minimum wage. So too when Defendants required Plaintiff to perform related duties in excess of the DOL's 20 percent rule. Plaintiff stated claims of minimum wage violations under both theories.

For the reasons set forth above, Plaintiff respectfully requests that the Court reverse the district court's order that Plaintiff failed to state a claim based on *Klinghoffer* and remand for fact finding regarding the alleged violations.

Dated: June 10, 2016

AARICA ROMERO

By: *s/Douglas M. Werman*
Douglas M. Werman

Douglas M. Werman
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington St., Ste. 1402
Chicago, IL 60602
Telephone: (312) 419-1008

E-Mail: dwerman@flsalaw.com
sarendt@flsalaw.com

Clifford P. Bendau, II
The Bendau Law Firm
P.O. Box 97066
Phoenix, AZ 85060
Telephone: (480) 382-5176
E-Mail: cliffordbendau@bendaulaw.com

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 N. Michigan Ave., Ste. 1000
Chicago, IL 60601
(312) 332-6202
E-Mail: jsypulski@sbcglobal.net
*Admission Pending*

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF TYPE-VOLUME COMPLIANCE

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

I, Douglas M. Werman, an attorney, hereby certify that this brief complies with the type and volume limitation of Rule 32(a)(7)(B), in that it contains 9,644 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a)(7)(B)(iii). This certification is based on the Microsoft Word count processing system used in preparing Plaintiff-Appellant's brief. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word (version 2013) in 14-point Times New Roman.

s/Douglas M. Werman

**CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS**

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

I, Douglas M. Werman, an attorney, hereby certify that this brief complies with the privacy redaction requirements of Fed. R. App. P. 25(a)(5) as well as Fed. R. Civ. P. 5.2. This brief and the accompanying appendix and attachments do not contain social security numbers or tax identification numbers, birth dates, minors' names, or financial account numbers.

I further certify that a copy of the foregoing **APPELLANT'S OPENING BRIEF**, as submitted in digital form via the Court's ECF system, is an exact copy of the hard copy that is to be submitted to the Clerk and has been scanned for viruses with SonicWall Gateway Antivirus Protection, Version 5.8.1.8-57 and, according to the program, is free of viruses.

s/Douglas M. Werman

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 10, 2016

By: *s/Douglas M. Werman*
Douglas M. Werman

Douglas M. Werman
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington St., Ste. 1402
Chicago, IL 60602
Telephone: (312) 419-1008

E-Mail: dwerman@flsalaw.com
sarendt@flsalaw.com

*Counsel for Plaintiff-Appellant*